UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JENNIFER BROWN, on behalf of herself
And all others similarly situated,

                                Case No.: 2:18-cv-896-LDW-SIL

                      Plaintiff,

        v.

MRS BPO, LLC,

                    Defendant.
----------------------------------------X

## DEFENDANT MRS BPO, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FILED MARCH 7, 2018

Defendant MRS BPO, LLC ("MRS"), as and for its Answer to the Complaint Plaintiff Jennifer Brown ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, MRS admits that the referenced statutes provide for federal question jurisdiction, but denies that it violated any law that would subject it to such jurisdiction.

2. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint and therefore denies the same.

4. In response to paragraph 4 of Plaintiff's Complaint, MRS admits that Plaintiff demands a jury trial, but denies that Plaintiff is entitled to the same as there has been no violation of law.

5. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint and therefore denies the same.

7. In response to paragraph 7 of Plaintiff's Complaint, MRS admits that a collection letter was sent to Plaintiff and avers that the letter speaks for itself. MRS denies the remaining allegations.

8. In response to paragraph 8 of Plaintiff's Complaint, MRS admits that a collection letter was sent to Plaintiff and avers that the letter speaks for itself. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. MRS admits the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. MRS admits the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. MRS admits the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. In response to paragraph 13 of Plaintiff's Complaint, MRS admits that its letter contains certain disclosures, but denies that such disclosures determine whether MRS was a "debt collector" with regard to Plaintiff.

14. In response to paragraph 14 of Plaintiff's Complaint, MRS states that while at times it may be deemed a debt collector as that term is defined by the FDCPA, it has insufficient information and knowledge to either admit or deny that it was a debt collector in regard to Plaintiff and this matter.

15. MRS incorporates by reference all preceding paragraphs as though fully set forth herein.

16. MRS admits the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. MRS denies the allegations set forth in paragraph 23 of Plaintiff's Complaint, upon information and belief.

24. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. MRS denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. MRS denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. MRS denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. MRS denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. MRS denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. MRS denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. MRS incorporates by reference all preceding paragraphs as though fully set forth herein.

33. MRS admits the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. In response to paragraph 34 of Plaintiff's Complaint, MRS states that its referenced letter speaks for itself, while denying that its letter was required to contain any of the additional information asserted by Plaintiff.

35. In response to paragraph 35 of Plaintiff's Complaint, MRS states that its referenced letter speaks for itself, while denying that its letter was required to contain any of the additional information asserted by Plaintiff. MRS further states this interpretation is the only valid interpretation.

36. In response to paragraph 36 of Plaintiffs' Complaint, MRS admits that Plaintiff purports to paraphrase the referenced statute, while denying it is applicable.

37. In response to paragraph 37 of Plaintiffs' Complaint, MRS admits that Plaintiff purports to paraphrase the referenced case law, while denying that such case law is applicable.

38. MRS denies the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. In response to paragraph 39 of Plaintiffs' Complaint, MRS admits that Plaintiff purports to paraphrase the referenced statute, while denying it is applicable.

40. MRS denies the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. MRS denies the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45. MRS has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 45 of Plaintiff's Complaint and therefore denies the same.

46. MRS denies the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. In response to paragraph 47 of Plaintiff's Complaint, MRS states that its referenced letter speaks for itself, while denying that its letter was required to contain any of the additional information asserted by Plaintiff.

48. MRS denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. MRS denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. MRS denies the allegations set forth in paragraph 50 of Plaintiff's Complaint.

51. MRS incorporates by reference all preceding paragraphs as though fully set forth herein.

52. MRS denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. MRS incorporates by reference all preceding paragraphs as though fully set forth herein.

54. MRS denies the allegations set forth in paragraph 54 of Plaintiff's Complaint.

55. MRS incorporates by reference all preceding paragraphs as though fully set forth herein.

56. MRS denies the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57. In response to paragraph 57 of Plaintiff's Complaint, MRS admits that Plaintiff brings this matter on behalf of a class. MRS denies that it violated any law and denies that a class exists.

58. In response to paragraph 58 of Plaintiff's Complaint, MRS denies that it violated any law and denies that a class exists.

59. MRS denies the allegations set forth in paragraph 59 of Plaintiff's Complaint.

60. MRS denies the allegations set forth in paragraph 60 of Plaintiff's Complaint.

61. MRS denies the allegations set forth in paragraph 61 of Plaintiff's Complaint.

62. MRS denies the allegations set forth in paragraph 62 of Plaintiff's Complaint.

63. MRS denies the allegations set forth in paragraph 63 of Plaintiff's Complaint.

64. MRS denies the allegations set forth in paragraph 64 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff suffered no damage from the alleged violations of the Fair Debt Collection Practices Act by MRS, which MRS denies, and therefore is not entitled to any award of damages, attorney fees or costs.

### THIRD DEFENSE

All of MRS's actions have been in accordance with the Fair Debt Collection Practices Act.

### FOURTH DEFENSE

Any violation of the Fair Debt Collection Practices Act by MRS, which MRS denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which MRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of MRS.

### SIXTH DEFENSE

MRS asserts that Plaintiff lacks standing as Plaintiff's claim is based upon a hypothetical injury, not a concrete and particularized actual injury.

### SEVENTH DEFENSE

Any technical violation of the FDCPA was not material and therefore not actionable.

### EIGHTH DEFENSE

MRS asserts that N.Y. C.P.L.R. § 5001 is not applicable if no request for relief of pre-judgment interest has been made upon a court. See *Cruz v. Credit Control Services, Inc.*, 2017 WL 5195225 (E.D.N.Y. November 8, 2017); *Bird v. Pressler & Pressler, L.L.P.*, 2013 WL 2316601 (E.D.N.Y. May 28, 2013); *Altieri v. Overton, Russell, Doerr, & Donovan, LLP*, 2017 WL 5508372 (N.D.N.Y. Nov. 15, 2017).

**WHEREFORE,** MRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against MRS with prejudice and on the merits; and,

2. Awarding MRS such other and further relief as the Court deems just and equitable.

Dated: March 20, 2018

/s/ Michael Etmund
Michael T. Etmund, NY REG # 5168331
MOSS & BARNETT, PA
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 877-5309
Facsimile: (612) 877-5999
Email: Mike.Etmund@lawmoss.com

Aleksander Powietrzynski
WINSTON & WINSTON, PC.
750 Third Avenue, Suite 978
New York, NY 10017
Telephone: (212) 922-9483
Facsimile: (212) 922-9484
Email: Alex@winstonandwinston.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2018, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service, upon the following parties and participants:

Mitchell L. Pashkin
775 Park Avenue
Ste. 255
Huntington, NY 11743
mpash@verizon.net

/s/ Michael Etmund
Michael Etmund