◆◆◆ Moss & Barnett

150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

September 11, 2018

Honorable Judge Dora Irizarry
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *Jennifer Brown, on behalf of herself and all others similarly situated v. MRS BPO, LLC*
          Court File No.: 2:18-cv-896-DLI-SIL

Dear Judge Irizarry:

This letter is being submitted, on behalf of our client MRS BPO, LLC ("MRS"), pursuant to Your Honor's Individual Motion Practices and Rules.  MRS submits this letter to request a pre-motion conference with respect to MRS' desired Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.

Plaintiff Jennifer Brown ("Plaintiff") commenced this matter and alleged that MRS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  Specifically, Plaintiff asserts violations of three FDCPA sections: 15 U.S.C. §§ 1692e, 1692f and 1692g.  *See* Pl. Compl.    MRS seeks the Court's permission to file a motion for summary judgment because there is no genuine issue of material fact and MRS is entitled to judgment as a matter of law.

**Plaintiff's Claim**

Plaintiff's claims are based entirely upon MRS' September 16, 2016 letter to Plaintiff.  Pl. Compl., Ex. 1 (ECF no. 8-1).  MRS produced evidence demonstrating that: (1) MRS was not accruing interest or fees on the balance of Plaintiff's debt; (2) the balance of Plaintiff's debt remained static throughout the duration of its time with MRS for collection; (3)  MRS sent nine letters to Plaintiff, each of which set forth the exact same balance in each letter.  The collection letter dated September 16, 2016 was the seventh of the nine letters sent to Plaintiff.  Thus, Plaintiff's claim that MRS' letters were false, deceptive, or misleading lacks merit.

**MRS' Letter Did Not Violate The FDCPA**

Plaintiff continues to misguidedly rely upon *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2nd Cir. 1016).  Plaintiff's position fails to recognize the Second Circuit Court of Appeals decision in *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018).  The *Taylor* decision clarified the decision in *Avila*.  As set forth by the *Taylor* court,

> [t]his case asks whether it is misleading within the meaning of
> Section 1692e for a debt collection letter to state the amount of a
> debt without disclosing that the debt, which once accrued interest
> or fees, no longer does so. We hold that such a notice complies

1

> with Section 1692e and affirm the May 19, 2017 judgment of the
> district court.

*Taylor*, 886 F.3d at 213; *see also Dick v. Enhanced Recovery Co., LLC*, No. 15CV2631-RRM-SMG, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016) (There is no requirement to advise a consumer when interest is not accruing, only when interest is accruing). Like the debts in *Taylor*, Plaintiff's debt was not accruing interest while MRS was attempting to collect on it. As a result, MRS' collection letters were required to state the balance of Plaintiff's debt and nothing more.

In this matter, the letter at issue made no reference to interest. Moreover, as the *Taylor* court further stated that even if the creditor retained the right to later seek interest, the debt collection notices

> [w]ere not misleading because no interest or fees were being charged and Taylor and Klein could have satisfied their debts by making reasonably prompt payment of the amounts stated in the notices. In other words, the debts remained static long enough to permit Taylor and Klein to satisfy them through prompt repayment of their respective balances due, and, as we have already explained, failing to disclose that a debt is static is not misleading within the meaning of Section 1692e.

*Taylor*, 886 F.3d at 215. Thus, in *Taylor*, the Second Circuit found no violation when it considered the very same issue.

**Plaintiff's N.Y.C.P.L.R. §5001(a) Claim Also Fails**

Plaintiff alternatively alleges that if interest was not accruing on the accounts pursuant to a credit agreement that interest is otherwise accruing pursuant to N.Y.C.P.L.R. §5001. This issue was considered in *Cruz v Credit Control Services*, and the court held that "as a matter of law, pre-judgment interest under N.Y. C.P.L.R. § 5001 is not considered part of the "amount of the debt" if no request for relief of pre-judgment interest has been made upon a court" *Cruz v Credit Control Services*, 2017 WL 5195225 (E.D.N.Y. 2017). The court further held that "the allegations by Cruz that the Defendant or Geico could assess interest under § 5001 are entirely speculative at best, and misstate the law at worst, as only a court may enter such a judgment. Neither Geico nor the Defendant had any legal right to assess such pre-judgment interest on the Plaintiff's account." *Id.* Plaintiff's claims under N.Y.C.P.L.R. §5001(a) in this matter similarly fail.

**Conclusion**

In light of the above, MRS believes that it will be able to prevail on a motion for summary judgment and therefore requests the Court's permission to file a Rule 56 motion for summary judgment as there is no genuine issue of material fact

Thank you for the Court's time and attention to this matter.

Respectfully submitted,

Very truly yours,

/s/ Michael T. Etmund

Michael T. Etmund
Attorney at Law

cc:      Mitchell L. Pashkin, Esq. (via CM/ECF system)